SHEILA MARQUEZ (pro se)
589 N Tustin Ave, Apt B
Santa Ana, CA 92705



FILED
CLERK, U.S. DISTRICT COURT

JUL 2 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SHEILA MARQUEZ
Plaintiff,

vs.

CITY OF HUNTINGTON BEACH;
and DOES 1-10, inclusive,

Defendants.

Case No. 8:14-cv-1153 MWF-E

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Conspiracy to Violate Civil Rights
6. Municipal Liability – Ratification (42 U.S.C. § 1983)
7. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
8. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
9. False Arrest/False Imprisonment
10. Battery (wrongful death)
11. Negligence (wrongful death)
12. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**



PAID

2 2

Clerk, US District Court
COURT 4612

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Sheila Marquez, for her Complaint against Defendants City of Huntington Beach and Does 1-10, inclusive, and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.  This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiff's son, 26-year-old Eric Christopher Marquez ("DECEDENT"), on August 3, 2013.

**PARTIES**

4.  At all relevant times, Decedent Eric Christopher Marquez was an individual residing in Orange County, California.

5.  Plaintiff SHEILA MARQUEZ ("MARQUEZ") is an individual residing in Orange County, California and is the natural mother of DECEDENT.

-1-

1   Plaintiff MARQUEZ sues both in her individual capacity as the mother of
2   DECEDENT and in a representative capacity as a successor-in-interest to
3   DECEDENT pursuant to California Code of Civil Procedure § 377.60.  MARQUEZ
4   seeks both survival and wrongful death damages under federal and state law.

5        6.    At all relevant times, Defendant CITY OF HUNTINGTON BEACH
6   ("CITY") is and was a municipal corporation existing under the laws of the State of
7   California.  CITY is a chartered subdivision of the State of California with the
8   capacity to be sued.  CITY is responsible for the actions, omissions, policies,
9   procedures, practices, and customs of its various agents and agencies, including the
10  Huntington Beach Police Department and its agents and employees.  At all relevant
11  times, Defendant CITY was responsible for assuring that the actions, omissions,
12  policies, procedures, practices, and customs of its employees and agents complied
13  with the laws of the United States and of the State of California.  At all relevant
14  times, CITY was the employer of Defendants DOES 1-10.

15       7.    Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the
16  Huntington Beach Police Department.  DOE OFFICERS were acting under color of
17  law within the course and scope of their duties as police officers for the Huntington
18  Beach Police Department.  DOE OFFICERS were acting with the complete
19  authority and ratification of their principal, Defendant CITY.

20       8.    Defendants DOES 6-8 are supervisory officers for the Huntington
21  Beach Police Department who were acting under color of law within the course and
22  scope of their duties as police officers for the Huntington Beach Police Department.
23  DOES 6-8 were acting with the complete authority and ratification of their principal,
24  Defendant CITY.

25       9.    Defendants DOES 9-10 are managerial, supervisorial, and
26  policymaking employees of the Huntington Beach Police Department, who were
27  acting under color of law within the course and scope of their duties as managerial,
28  supervisorial, and policymaking employees for the Huntington Beach Police

-2-

1  Department.  DOES 9-10 were acting with the complete authority and ratification of
2  their principal, Defendant CITY.

3        10.    On information and belief, DOES 1-10 were residents of Orange
4  County.

5        11.    In doing the acts and failing and omitting to act as hereinafter
6  described, Defendants DOE OFFICERS were acting on the implied and actual
7  permission and consent of Defendants DOES 6-10.

8        12.    In doing the acts and failing and omitting to act as hereinafter
9  described, Defendants DOES 1-10 were acting on the implied and actual permission
10 and consent of the CITY.

11       13.    The true names and capacities, whether individual, corporate,
12 association or otherwise of Defendants DOES 1-10, inclusive, are unknown to
13 Plaintiff, who otherwise sue these Defendants by such fictitious names.  Plaintiff
14 will seek leave to amend this complaint to show the true names and capacity of
15 these Defendants when they have been ascertained.  Each of the fictitiously-named
16 Defendants is responsible in some manner for the conduct or liabilities alleged
17 herein.

18       14.    At all times mentioned herein, each and every defendant was the agent
19 of each and every other defendant and had the legal duty to oversee and supervise
20 the hiring, conduct, and employment of each and every defendant.

21       15.    All of the acts complained of herein by Plaintiff against Defendants
22 were done and performed by said Defendants by and through their authorized
23 agents, servants, and/or employees, all of whom at all relevant times herein were
24 acting within the course, purpose, and scope of said agency, service, and/or
25 employment capacity.  Moreover, Defendants and their agents ratified all of the acts
26 complained of herein.

27       16.    DOES 1-10 are sued in their individual capacity.
28

COMPLAINT FOR DAMAGES

1        17.    On December 24, 2013, Plaintiff filed comprehensive and timely

2    claims for damages with the City of Huntington Beach pursuant to applicable

3    sections of the California Government Code.

4        18.    On January 22, 2014, the City of Huntington Beach denied said claims.

5

6                   **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7        19.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

8    through 18 of this Complaint with the same force and effect as if fully set forth

9    herein.

10       20.    On August 3, 2013, at approximately 7:45 a.m. on that date, DOE

11   OFFICERS patrolling near Sun View Elementary School approached two male

12   individuals, including DECEDENT, at the intersection of Glencoe Drive and Silver

13   Lane.  DECEDENT was standing outside of his vehicle with his friend when DOE

14   OFFICERS approached him.  After DOE OFFICERS approached him, DECEDENT

15   began running.  DOE OFFICERS chased DECEDENT down the street, discharging

16   their firearms at DECEDENT's back as they chased him.  DECEDENT turned a

17   corner and ran approximately fifty more feet before falling to the ground and

18   begging for help.  On information and belief, DECEDENT was struck by multiple

19   bullets from DOE OFFICERS' firearms during said chase.

20       21.    On information and belief, when Emergency Medical Technicians

21   (EMTs) arrived on the scene, DOE OFFICERS informed the EMTs that

22   DECEDENT was already dead and waved the EMTs away.  On information and

23   belief, DECEDENT was still moving when DOE OFFICERS informed the EMTs

24   that DECEDENT was already dead.  On information and belief, at least one of the

25   DOE OFFICERS approached DECEDENT as he was lying on the ground and began

26   to beat DECEDENT and ordered DECEDENT to get up.  The DOE OFFICER then

27   put his hand on DECEDENT's side and shot DECEDENT twice at a close range.

28

-4-

22.    After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

23.    Upon information and belief, after the shooting, DOE OFFICERS fabricated a false account of the incident in their report in an attempt to justify their misconduct. On information and belief, after DOE OFFICERS shot and killed DECEDENT, they moved his body across the street. Further, DOE OFFICERS unreasonably detained at least one witness to the incident.

24.    The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

25.    Plaintiff MARQUEZ is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

26.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.    Defendants DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

-5-

1      28.    When Defendants DOE OFFICERS fired their firearms at DECEDENT

2  as he ran away, pointed a gun at DECEDENT, shot DECEDENT, and placed him in

3  handcuffs, they violated DECEDENT's right to be secure in his person against

4  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

5  Amendment to the United States Constitution and applied to state actors by the

6  Fourteenth Amendment.

7      29.    The conduct of Defendants DOE OFFICERS was willful, wanton,

8  malicious, and done with reckless disregard for the rights and safety of DECEDENT

9  and therefore warrants the imposition of exemplary and punitive damages as to

10  Defendants DOE OFFICERS.

11      30.    As a result of their misconduct, Defendants DOE OFFICERS are liable

12  for DECEDENT's injuries, either because they were integral participants in the

13  wrongful detention and arrest, or because they failed to intervene to prevent these

14  violations.

15      31.    Plaintiff MARQUEZ brings this claim as a successor-in-interest to the

16  DECEDENT, and seeks both survival and wrongful death damages for the violation

17  of DECEDENT's rights.  MARQUEZ also seeks funeral and burial expenses and

18  attorney's fees.

19

20                  **SECOND CLAIM FOR RELIEF**

21    **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

22              (Against Defendants DOE OFFICERS)

23      32.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

24  through 31 of this Complaint with the same force and effect as if fully set forth

25  herein.

26      33.    Defendants DOE OFFICERS' unjustified shooting deprived

27  DECEDENT of his right to be secure in his person against unreasonable searches

28

COMPLAINT FOR DAMAGES

1  and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

2  United States Constitution and applied to state actors by the Fourteenth Amendment.

3      34.   As a result of the foregoing, DECEDENT suffered great physical pain

4  and emotional distress up to the time of his death, loss of enjoyment of life, loss of

5  life, and loss of earning capacity.

6      35.   The conduct of Defendants DOE OFFICERS was willful, wanton,

7  malicious, and done with reckless disregard for the rights and safety of

8  DECEDENT, and therefore warrants the imposition of exemplary and punitive

9  damages as to Defendants DOE OFFICERS.

10     36.   The shooting was excessive and unreasonable, especially because

11  DECEDENT posed no immediate threat of death or serious bodily injury at the time

12  of the shooting.  Further, Defendants DOE OFFICERS' shooting and use of force

13  violated their training and standard police training.

14     37.   Plaintiff MARQUEZ brings this claim as a successor-in-interest to the

15  DECEDENT, and seeks both survival and wrongful death damages for the violation

16  of DECEDENT's rights.  MARQUEZ also seeks funeral and burial expenses and

17  attorney's fees.

18

19            **THIRD CLAIM FOR RELIEF**

20  **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

21            (Against Defendants DOE OFFICERS)

22     38.   Plaintiff repeats and realleges each and every allegation in paragraphs 1

23  through 37 of this Complaint with the same force and effect as if fully set forth

24  herein.

25     39.   The denial of medical care by Defendants DOE OFFICERS deprived

26  DECEDENT of his right to be secure in his person against unreasonable searches

27  and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

28  United States Constitution and applied to state actors by the Fourteenth Amendment.

-7-

1   40.   As a result of the foregoing, DECEDENT suffered great physical pain

2   and emotional distress up to the time of his death, loss of enjoyment of life, loss of

3   life, and loss of earning capacity.

4   41.   Defendants DOE OFFICERS knew that failure to provide timely

5   medical treatment to DECEDENT could result in further significant injury or the

6   unnecessary and wanton infliction of pain, but disregarded that serious medical

7   need, causing DECEDENT great bodily harm and death.

8   42.   The conduct of DOE OFFICERS was willful, wanton, malicious, and

9   done with reckless disregard for the rights and safety of DECEDENT and therefore

10   warrants the imposition of exemplary and punitive damages as to Defendants DOE

11   OFFICERS.

12   43.   As a result of their misconduct, Defendants DOE OFFICERS are liable

13   for DECEDENT's injuries, either because they were integral participants in the

14   wrongful detention and arrest, or because they failed to intervene to prevent these

15   violations.

16   44.   Plaintiff MARQUEZ brings this claim as a successor-in-interest to the

17   DECEDENT, and seeks both survival and wrongful death damages for the violation

18   of DECEDENT's rights.  MARQUEZ also seeks funeral and burial expenses and

19   attorney's fees.

20

21   **FOURTH CLAIM FOR RELIEF**

22   **Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

23   (Against Defendants DOE OFFICERS)

24   45.   Plaintiff repeats and realleges each and every allegation in paragraphs 1

25   through 44 of this Complaint with the same force and effect as if fully set forth

26   herein.

27   46.   Plaintiff MARQUEZ had a cognizable interest under the Due Process

28   Clause of the Fourteenth Amendment of the United States Constitution to be free

-8-

1   from state actions that deprive her of life, liberty, or property in such a manner as to
2   shock the conscience, including but not limited to unwarranted state interference in
3   Plaintiff's familial relationship with her son, DECEDENT.

4        47.    The aforementioned actions of DOE OFFICERS, along with other
5   undiscovered conduct, shock the conscience, in that they acted with deliberate
6   indifference to the constitutional rights of DECEDENT and Plaintiff, and with
7   purpose to harm unrelated to any legitimate law enforcement objective.

8        48.    DOE OFFICERS thus violated the substantive due process rights of
9   Plaintiff to be free from unwarranted interference with their familial relationship
10  with DECEDENT.

11       49.    As a direct and proximate cause of the acts of DOE OFFICERS,
12  Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also
13  been deprived of the life-long love, companionship, comfort, support, society, care,
14  and sustenance of DECEDENT, and will continue to be so deprived for the
15  remainder of her natural life.

16       50.    As a result of their misconduct, Defendants DOE OFFICERS are liable
17  for DECEDENT's injuries, either because they were integral participants in the
18  wrongful detention and arrest, or because they failed to intervene to prevent these
19  violations.

20       51.    The conduct of DOE OFFICERS was willful, wanton, malicious, and
21  done with reckless disregard for the rights and safety of DECEDENT and Plaintiff
22  and therefore warrants the imposition of exemplary and punitive damages as to
23  Defendants DOE OFFICERS.

24       52.    Plaintiff MARQUEZ brings this claim as a successor-in-interest to the
25  DECEDENT, and seeks both survival and wrongful death damages for the violation
26  of DECEDENT's rights.  MARQUEZ also seeks funeral and burial expenses and
27  attorney's fees.

28

-9-

# FIFTH CLAIM FOR RELIEF

## Conspiracy to Violate Civil Rights

### (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

53.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.   During the course of this incident, Defendants DOE OFFICERS conspired to and in fact did deprive DECEDENT of his right to be secure in his person against unreasonable searches and seizures, and of his right to be free from state actions that shock the conscience, as guaranteed by the Fourth and Fourteenth Amendments.

55.   All rights of DECEDENT, as set forth, were violated by Defendants DOE OFFICERS by their wrongful use of excessive force, denial of medical care, and cover-up.

56.   On information and belief, DOE OFFICERS agreed and conspired, and shared the same conspiratorial objective with each other to use excessive force against DECEDENT, purposefully disregard his medical needs, and covered up their misdeeds in violation of Plaintiff's constitutional rights.

57.   As a proximate result of Defendants' conspiracy to violate DECEDENT's constitutional rights, DECEDENT suffered severe pain and suffering and lost his life and earning capacity.

58.   As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

59.   The conduct of Defendants DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the

-10-

1  rights and safety of DECEDENT and therefore warrants the imposition of

2  exemplary and punitive damages as to Defendants DOE OFFICERS.

3      60.    Accordingly, Defendants DOE OFFICERS each are liable to

4  DECEDENT for compensatory and punitive damages under 42 U.S.C. § 1983.

5      61.    Plaintiff brings this claim as a successor in interest to DECEDENT, and

6  seeks both survival and wrongful death damages for the violation of DECEDENT's

7  rights.  Plaintiff also seeks funeral and burial expenses and attorney's fees.

8

9                    **SIXTH CLAIM FOR RELIEF**

10         **Municipal Liability – Ratification (42 U.S.C. § 1983)**

11                    (Against All Defendants)

12     62.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

13  through 61 of this Complaint with the same force and effect as if fully set forth

14  herein.

15     63.    Defendants DOE OFFICERS acted under color of law;

16     64.    The acts of Defendants DOE OFFICERS deprived the Decedent and

17  Plaintiff of her particular rights under the United States Constitution.

18     65.    Upon information and belief, a final policymaker, acting under color of

19  law, who had final policymaking authority concerning the acts of Defendants DOE

20  OFFICERS, ratified (or will ratify) Defendants DOE OFFICERS' acts and the bases

21  for them. Upon information and belief, the final policymaker knew of and

22  specifically approved of (or will specifically approve of) Defendants DOE

23  OFFICERS' acts.

24     66.    Upon information and belief, a final policymaker has determined (or

25  will determine) that the acts of Defendants DOE OFFICERS were "within policy."

26     67.    By reason of the aforementioned acts and omissions, Plaintiff has

27  suffered loss of the love, companionship, affection, comfort, care, society, training,

28  guidance, and past and future support of DECEDENT.  The aforementioned acts and

-11-

1 | omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

2 | and death.

3 |      68.    Accordingly, Defendants CITY and DOES 1-10 each are liable to

4 | Plaintiff for compensatory damages under 42 U.S.C. § 1983.

5 |      69.    Plaintiff brings this claim as successor-in-interest to DECEDENT, and

6 | seeks both survival and wrongful death damages under this claim.

7 |      70.    Plaintiff also seeks attorney fees under this claim. Plaintiff is also

8 | claiming funeral and burial expenses.

9

10 | **SEVENTH CLAIM FOR RELIEF**

11 | **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

12 | (Against All Defendants)

13 |      71.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

14 | through 70 of this Complaint with the same force and effect as if fully set forth

15 | herein.

16 |      72.    Defendants DOE OFFICERS acted under color of law;

17 |      73.    The acts of Defendants DOE OFFICERS deprived the Decedent and

18 | Plaintiff of their particular rights under the United States Constitution.

19 |      74.    The training policies of Defendant CITY were not adequate to train its

20 | police officers to handle the usual and recurring situations with which they must

21 | deal.

22 |      75.    Defendant CITY was deliberately indifferent to the obvious

23 | consequences of its failure to train its police officers adequately.

24 |      76.    The failure of Defendant CITY to provide adequate training caused the

25 | deprivation of the plaintiff's rights by Defendants DOE OFFICERS; that is, the

26 | defendant's failure to train is so closely related to the deprivation of the plaintiff's

27 | rights as to be the moving force that caused the ultimate injury.

28

-12-

COMPLAINT FOR DAMAGES

1    77.    By reason of the aforementioned acts and omissions, Plaintiff has

2  suffered loss of the love, companionship, affection, comfort, care, society, training,

3  guidance, and past and future support of DECEDENT.  The aforementioned acts and

4  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

5  and death.

6    78.    Accordingly, Defendant CITY and DOES 1-10 each are liable to

7  Plaintiff for compensatory damages under 42 U.S.C. § 1983.

8    79.    Plaintiff brings this claim as successor-in-interest to DECEDENT, and

9  seeks both survival and wrongful death damages under this claim.

10    80.    Plaintiff also seeks attorney fees under this claim. Plaintiff is also

11  claiming funeral and burial expenses.

12

13                       **EIGHTH CLAIM FOR RELIEF**

14  **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

15                          (Against All Defendants)

16    81.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

17  through 80 of this Complaint with the same force and effect as if fully set forth

18  herein.

19    82.    Defendants DOE OFFICERS acted under color of law;

20    83.    Defendants DOE OFFICERS acted pursuant to an expressly adopted

21  official policy or a longstanding practice or custom of the Defendant CITY.

22    84.    On information and belief, Defendants DOE OFFICERS were not

23  disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection

24  with Decedent's death.

25    85.    Defendants CITY and DOE OFFICERS, together with other CITY

26  policymakers and supervisors, maintained, inter alia, the following unconstitutional

27  customs, practices, and policies:

28            (a)    Using excessive force, including excessive deadly force;

                                    -13-

(b)     Providing inadequate training regarding the use of deadly force;

(c)     Providing inadequate training regarding encounters with the mentally ill and persons with disabilities;

(d)     Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, who Defendant City at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)     Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including Defendants DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(f)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers, Defendants DOE OFFICERS;

(g)     Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)     Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(i)     Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

-14-

(j)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(k)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

86.   By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

87.   Defendants CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

88.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 1-10 acted with intentional, reckless, and

-15-

1  callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's
2  constitutional rights. Furthermore, the policies, practices, and customs implemented,
3  maintained, and still tolerated by Defendants CITY and DOES 1-10 were
4  affirmatively linked to and were a significantly influential force behind the injuries
5  of DECEDENT and Plaintiff.
6    89.   Accordingly, Defendants CITY and DOES 1-10 each are liable to
7  Plaintiff for compensatory damages under 42 U.S.C. § 1983.
8    90.   Plaintiff brings this claim individually and as a successor in interest to
9  DECEDENT, and seeks both survival and wrongful death damages under this claim.
10   91.   Plaintiff also seeks attorney fees under this claim. Plaintiff is also
11 claiming funeral and burial expenses.
12
13            **NINTH CLAIM FOR RELIEF**
14          **False Arrest/False Imprisonment**
15            (Against all Defendants)
16   92.   Plaintiff repeats and re-alleges each and every allegation in
17 paragraphs 1 through 91 of this Complaint with the same force and effect as if fully
18 set forth herein.
19   93.   Defendants DOE OFFICERS, while working as police officers for the
20 Huntington Beach Police Department and acting within the course and scope of their
21 duties, intentionally deprived DECEDENT of his freedom of movement by use of
22 force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE
23 OFFICERS detained DECEDENT without reasonable suspicion and arrested him
24 without probable cause.
25   94.   DECEDENT did not knowingly or voluntarily consent.
26   95.   The conduct of DOE OFFICERS was a substantial factor in causing the
27 harm to DECEDENT.
28

-16-

COMPLAINT FOR DAMAGES

1  96. Defendant CITY is vicariously liable for the wrongful acts of

2 Defendants DOE OFFICERS pursuant to section 815.2(a) of the California

3 Government Code, which provides that a public entity is liable for the injuries

4 caused by its employees within the scope of the employment if the employee's act

5 would subject him or her to liability.

6  97. The conduct of DOE OFFICERS was malicious, wanton, oppressive,

7 and accomplished with a conscious disregard for the rights of DECEDENT, entitling

8 Plaintiff to an award of exemplary and punitive damages.

9  98. As a result of their misconduct, Defendants DOE OFFICERS are liable

10 for DECEDENT's injuries, either because they were integral participants in the

11 wrongful detention and arrest, or because they failed to intervene to prevent these

12 violations.

13  99. Plaintiff MARQUEZ brings this claim as a successor-in-interest to the

14 DECEDENT, and seeks both survival and wrongful death damages for the violation

15 of DECEDENT's rights.

16

17       **TENTH CLAIM FOR RELIEF**

18          **Battery**

19        (wrongful death)

20    (Against Defendants CITY and DOE OFFICERS)

21  100. Plaintiff repeats and realleges each and every allegation in paragraphs 1

22 through 99 of this Complaint with the same force and effect as if fully set forth

23 herein.

24  101. DOE OFFICERS, while working as police officers for the Huntington

25 Beach Police Department, and acting within the course and scope of their duties,

26 intentionally shot DECEDENT multiple times.  As a result of the actions of DOE

27 OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died

28 from his injuries.  DOE OFFICERS had no legal justification for using force against

COMPLAINT FOR DAMAGES

1  DECEDENT, and his use of force while carrying out their duties as police officers
2  was an unreasonable and nonprivileged use of force.

3      102.   As a direct and proximate result of the conduct of DOE OFFICERS as
4  alleged above, DECEDENT sustained injuries and died from his injuries and also
5  lost his earning capacity.  As a direct and proximate result of the conduct of DOE
6  OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to
7  Code of Civil Procedure Section 377.34.

8      103.   The CITY is vicariously liable for the wrongful acts of Defendant
9  DOES 1 pursuant to section 815.2(a) of the California Government Code, which
10 provides that a public entity is liable for the injuries caused by its employees within
11 the scope of the employment if the employee's act would subject him or her to
12 liability.

13     104.   The conduct of DOE OFFICERS was malicious, wanton, oppressive,
14 and accomplished with a conscious disregard for the rights of Plaintiff and
15 DECEDENT, entitling Plaintiff, individually and as successor-in-interest to
16 DECEDENT, to an award of exemplary and punitive damages as to Defendants
17 DOE OFFICERS.

18     105.   Plaintiff MARQUEZ brings this claim as a successor-in-interest to the
19 DECEDENT, and seeks both survival and wrongful death damages for the violation
20 of DECEDENT's rights.

21

22              **ELEVENTH CLAIM FOR RELIEF**

23                      **Negligence**

24                   (wrongful death)

25                 (Against all Defendants)

26     106.   Plaintiff repeats and realleges each and every allegation in paragraphs 1
27 through 105 of this Complaint with the same force and effect as if fully set forth
28 herein.

COMPLAINT FOR DAMAGES

107. The actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

    (a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    (d)   the failure to provide prompt medical care to DECEDENT;

    (e)   the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

    (f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    (g)   the negligent handling of evidence and witnesses; and

    (h)   the negligent communication of information during the incident.

108. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

109. The CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

# TWELFTH CLAIM FOR RELIEF

## (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

110.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 109 of this Complaint with the same force and effect as if fully set forth herein.

111.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

112.   On information and belief, Defendants DOE OFFICERS, inclusive, while working for the CITY, and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

113.   When Defendants shot DECEDENT and allowed him to lie bleeding on the pavement, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

114.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

115.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS, inclusive were intended to discourage them from exercising the above civil rights, to

1 | retaliate against them, or invoking such rights, or to prevent them from exercising
2 | such rights.

3 |     116.   Defendants successfully interfered with the above civil rights of
4 | DECEDENT and Plaintiff.

5 |     117.   The conduct of Defendants was a substantial factor in causing
6 | Plaintiff's harms, losses, injuries, and damages.

7 |     118.   The CITY is vicariously liable for the wrongful acts of Defendants
8 | DOE OFFICERS pursuant to section 815.2(a) of the California Government Code,
9 | which provides that a public entity is liable for the injuries caused by its employees
10 | within the scope of the employment if the employee's act would subject him or her
11 | to liability.

12 |     119.   Defendants DOES 8-10 are vicariously liable under California law and
13 | the doctrine of *respondeat superior*.

14 |     120.   The conduct of Defendants was malicious, wanton, oppressive, and
15 | accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights,
16 | justifying an award of exemplary and punitive damages as to Defendants DOE
17 | OFFICERS.

18 |     121.   Plaintiff seeks both wrongful death and survival damages under this
19 | claim; Plaintiff also seeks attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants City of Huntington Beach and Does 1-10, inclusive, as follows:

    A.   For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.   For funeral and burial expenses, and loss of financial support;

-21-

COMPLAINT FOR DAMAGES

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable attorneys' fees, including litigation expenses;

F.   For costs of suit; and

G.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 22. 2014

By_____
          Sheila Marquez
          Pro se

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury.

3

4 DATED: July 22, 2014

5

6                                    By _Sheila Marquez_

7                                       Sheila Marquez
                                        Pro per
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

SHEILA MARQUEZ

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b) County of Residence of First Listed Plaintiff**  ORANGE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS SECTION 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   8 : 14 - 1153

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☒ Yes  ☐ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | ▢ ▼ |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _Sheila Morgan_   DATE: JULY 22, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |